WELCH, J. concurring.
While I agree with the majority opinion, I write separately to point out that the result in this case would have been different if the dialysis clinic purchased the prescription drugs intended for its Medicare Part B and D patients separately from the prescription drugs it purchased for its non-Medicare patients. See La. R.S. 47:337.9(F).
Thus, I respectfully concur.
CHUTZ, J., concurs in the denial of the rehearing and assigns reasons.
I disagree with the plurality to the extent it holds that the purchases by Bio-Medical Applications of Louisiana, LLC
*329 (Bio-Medical) of certain prescription drugs for administration to Medicare patients at its kidney dialysis facility did not involve "sales made under the provisions of Medicare" within the meaning of the local sales tax exclusion pursuant to La. R.S. 47:301(10)(u) ; and that Bio-Medical's purchases of certain prescription drugs for those Medicare patients was not "through or pursuant to a Medicare Part B and D plan" as required to qualify for the local sales tax exemption under La. R.S. 47:337.9(F). Although La. R.S. 47:301(10)(u) clearly and unambiguously excludes from local taxation the sales of tangible property made "under the provisions of Medicare"; and La. R.S. 47:337.9(F) clearly exempts prescription drugs "purchased through or pursuant to a Medicare Part B or D plan," because this record is devoid of evidence from which the actual amount of tangible property excluded and/or exempted from local sales tax may be calculated, I concur in the result that affirms the trial court's judgment which concludes Bio-Medical is not entitled to relief.
In support of his motion for summary judgment, the Sheriff offered evidence which showed Bio-Medical does not separately store or segregate the drugs it administers to Medicare patients from those that it administers to non-Medicare patients. In response to this showing, as noted by the plurality, Bio-Medical suggested the value of its refund claim is determinable by dividing the number of dialysis treatments rendered to Medicare patients by the total number of dialysis treatments rendered at the kidney dialysis facility and then requested a refund of taxes on the sales of prescription drugs in the same percentage. But this calculation was not supported by the evidence in the record which showed that patients are not administered the same medicines in the same doses. Bio-Medical's offered estimate, therefore, was insufficient to create a genuine issue of material fact.
The Sheriff established that Bio-Medical was unable to produce evidence from which to calculate the value of sales excluded from local taxation under La. R.S. 47:301(10)(u) ; or the actual amount of prescription drugs it purchased "through or pursuant to a Medicare Part B or D plan" so as to permit an exemption from payment of local sales taxation pursuant to La. R.S. 47:337.9(F). Accordingly, in light of the evidence presented in support of summary judgment, the trial court correctly granted declaratory relief in favor of the Sheriff and dismissed Bio-Medical's reconventional demand.